**Case No. 23-20118**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Diamond Services Corporation,

*Plaintiff-Appellant*

v.

Curtin Maritime Corporation; Department of Homeland Security; National Vessel Documentation Center; United States Coast Guard; United States of America; Commandant Linda L. Fagan, United States Coast Guard; Port of Houston Authority,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of Texas
No. 4:22-cv-02117

**BRIEF FOR APPELLEE PORT OF HOUSTON AUTHORITY**

AHMAD, ZAVITSANOS & MENSING, PLLC

Kelsi S. White (TBN 24098466)
Federal ID No. 2995914
kwhite@azalaw.com
Todd W. Mensing (TBN 24013156)
Federal ID No. 302944
Sammy Ford IV (TBN 24061331)
Federal ID No. 950682

Michael A. Killingsworth (TBN 24110089)
Federal ID No. 3372610
1221 McKinney St., Ste. 2500
Houston, TX 77010
Phone: 713-655-1101
Fax: 713-655-0062

*Counsel for Appellee Port of Houston Authority*

## Certificate of Interested Persons

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies the following list of persons and entities with an interest in the outcome of this appeal, No. 23-20118, *Diamond Services Corporation v. Curtin Maritime Corp., et al.*:

Diamond Services Corporation, *Appellant.*

Harry Morse and Martin Bohman, of Bohman Morse L.L.C., *Counsel for Appellant.*

Curtin Maritime Corporation, *Appellee.*

John Spiller, Jadd Masso, and Elizabeth Griffin of Clark Hill, P.L.C., *Counsel for Curtin Maritime Corporation.*

Department of Homeland Security, Linda Fagan, National Vessel Documentation Center, United States Coast Guard, and United States of America. *Appellees.*

Myra Siddiqui of U.S. Attorney's Office, *Counsel for Department of Homeland Security et al.*

Port of Houston Authority, *Appellee.*

Todd Mensing, Kelsi Stayart White, Michael Alexander Killingsworth, and Sammy Ford, IV, of Ahmad, Zavitsanos & Mensing, PLLC, *Counsel for Port of Houston Authority.*

*/s/ Kelsi Stayart White*
Kelsi Stayart White
*Counsel for Appellee*
*Port of Houston Authority*

## Statement Regarding Oral Argument

Appellee Port of Houston Authority (the Port) does not view any of the issues relating to it as warranting oral argument. Appellant Diamond Services Corporation (Diamond) did not preserve an objection to the dismissal of its claims against the Port in the district court. Moreover, Diamond does present any argument in its brief for reversal of the motion to dismiss as it pertains to the Port. The Port therefore believes oral argument is unnecessary for this Court to affirm the dismissal of the claims against it.

# Table of Contents

**Certificate of Interested Persons** ................................................................... 2

**Statement Regarding Oral Argument** ......................................................... 4

**Table of Contents** .................................................................................................. 5

**Table of Authorities** ............................................................................................. 6

**Jurisdictional Statement** ..................................................................................... 7

**Statement of the Issues** ....................................................................................... 8

**Statement of the Case** .......................................................................................... 9

**Summary of the Argument** ............................................................................. 11

**Argument** ................................................................................................................. 12

I.    Diamond did not preserve for appeal any objection to the Port's dismissal, and review therefore would be limited to the plain-error standard ............... 12

II.   Diamond failed to raise any argument for reversal of the district court's ruling for the Port and therefore waived any such argument ......................... 13

III.  Even if Diamond had not twice waived any complaint vis-à-vis the Port, the district court did not commit plain error. ................................................. 14

**Conclusion** ............................................................................................................... 16

**Certificate of Service** .......................................................................................... 17

**Certificate of Compliance** ................................................................................ 18

# Table of Authorities

## Cases

*Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*,
   942 F.3d 258 (5th Cir. 2019) .................................................................. 12

*Lujan v. Defenders. of Wildlife*,
   504 U.S. 555 (1992) ................................................................................ 14

*Procter & Gamble Co. v. Amway Corp.*,
   376 F.3d 496 (5th Cir. 2004) .................................................................. 13

*Roy v. City of Monroe*,
   950 F.3d 245 (5th Cir. 2020) .................................................................. 13

## Statutes

28 U.S.C. § 1291 ............................................................................................ 7

28 U.S.C. § 636(b)(1)(C) ............................................................................. 12

## Rules

Federal Rule of Civil Procedure 12(b)(1) ................................................... 10

## Jurisdictional Statement

This Court has appellate jurisdiction under 28 U.S.C. § 1291 because the district court entered a final judgment. ROA.636.

## Statement of the Issues

1. Did Diamond fail to preserve any objection to the dismissal of the Port? Yes.

2. Did Diamond fail to present any argument in its brief concerning the dismissal of the Port, thereby waiving any error vis-à-vis the Port? Yes.

## Statement of the Case

Appellant Diamond Services Corporation (Diamond) sued a plethora of parties over the award of a dredging contract related to the expansion of the Houston Ship Channel—a project for which Diamond did not even submit a bid.

Appellee Port of Houston Authority (the Port) held a competitive bidding process for the dredging contract, and Appellee Curtin Maritime Corporation (Curtin) is one of Diamond's competitors that was awarded the contract in June 2022. ROA.10-11. Diamond was not awarded the contract because, despite the initial claims in its complaint, Diamond did not submit a bid for the contract. ROA.23-24, ROA.148-49.

Diamond then sued Curtin, the Port, and the following other defendants: the United States Coast Guard, the National Vessel Documentation Center, the Commandant of the Coast Guard, the Department of Homeland Security, and the United States (the Federal Defendants). ROA.10. Diamond alleged that the Coast Guard had impermissibly certified Curtin's dredging vessel because that ship, the *DB Avalon*, had been fitted with a dredging crane manufactured in Japan. ROA.10. Diamond alleged that the Coast Guard had violated federal law and regulations in certifying the *DB Avalon* for dredging activities in U.S. waters. ROA.11.

The magistrate judge recommended granting the Port's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) after determining that Diamond lacked standing against the Port, and that Diamond neither has, nor could have, a viable claim against the Port. ROA.600, ROA.609. After a de novo review of the magistrate judge's recommendation, the district court granted the Port's 12(b)(1) motion to dismiss. ROA.635. Diamond did not object to this dismissal as to the Port and has not contested those findings with respect to the Port in its appeal. ROA.615-17, App't Br. at 6-7. This comes as no shock after Diamond itself stated that the Port is "hardly a necessary Party." ROA.244.

## Summary of the Argument

This Court should affirm the dismissal of Diamond's suit against the Port.

First, Diamond did not preserve any objection to the Port's dismissal for appeal, and review is therefore limited to the plain-error standard. Second, and most critically, Diamond then failed to present any argument as to how the district court committed plain error, forfeiting the issue for appeal. Finally, there is no plain error in the district court's determination that Diamond lacks standing against the Port.

## Argument

**I. Diamond did not preserve for appeal any objection to the Port's dismissal, and review therefore would be limited to the plain-error standard.**

The magistrate judge recommended (among other things) that the Port's 12(b)(1) motion to dismiss be granted due to the absence of any traceable harm attributable to the Port, which meant that Diamond lacked standing. ROA.609, ROA.599. The magistrate judge also recommended granting Curtin's motion to dismiss, granting the Federal Defendants' Motion for Summary Judgment, and denying Diamond's Motion for Summary Judgment against all parties. ROA.609.

As required by 28 U.S.C. § 636(b)(1)(C), Diamond filed written, specific objections to the magistrate judge's recommendation in which it contested two points: the magistrate judge's analysis of the Coast Guard's agency action, and the dismissal of suit against Curtin for lack of standing. ROA.615-17. Diamond raised no objection whatsoever to the magistrate judge's recommendation concerning Diamond's lack of standing vis-à-vis the Port. Thus, Diamond failed to preserve any complaint concerning the dismissal of the Port and would have to satisfy the "plain error" standard on appeal: "A party's failure to object to a magistrate judge's report and recommendation restricts the appeals court to a 'plain error' standard of review." *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 270 (5th Cir. 2019) (citations omitted).

Diamond cannot, and did not even try, to meet this standard, meaning this Court should affirm.

## II. Diamond failed to raise any argument for reversal of the district court's ruling for the Port and therefore waived any such argument.

As this Court has made clear, a party's "[f]ailure adequately to brief an issue on appeal constitutes waiver of that argument." *Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020) (quoting *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004)). Diamond does not raise any argument concerning the Port's dismissal at all.

Instead, Diamond solely raises the same two issues from its objection to the magistrate judge's recommendation: (1) whether the district court properly reviewed the Coast Guard's determination regarding the crane attached to the *DB Avalon*, and (2) whether the district court properly ruled that Diamond has no standing to sue Curtin under the theory of 'competitor standing.' App't Br. 1. Neither implicates the Port.

As mentioned above, Diamond has admitted that the Port is not a necessary party to its suit against Curtin and others. ROA.244. It is therefore unsurprising that Diamond mentions the Port in its brief only twice: once to note that the Port had filed a motion to dismiss, and a second time to note that this motion was granted. App't Br. at 6-7. Diamond's brief is therefore the second time Diamond has

deliberately forgone an opportunity to contest the district court's dismissal of the Port. Under the law in the Fifth Circuit, Diamond does not get a third chance.

### III. Even if Diamond had not twice waived any complaint vis-à-vis the Port, the district court did not commit plain error.

Even if Diamond had not failed to preserve and then waived any argument as to the Port's dismissal (which Diamond did), the district court correctly concluded the Port was entitled to dismissal under Rule 12(b)(1).

It is undisputed in the record that Diamond Services did not participate in the bidding for the at-issue project, so it suffered no injury and lacks standing. Diamond has no viable claims against the Port because it suffered no injury traceable to the Port. Whether or not Diamond has competitor standing vis-à-vis Curtin to challenge the Coast Guard's rulemaking, and whether or not that rulemaking complied with relevant administrative law, are issues entirely divorced from the Port. To establish standing, Diamond must allege a harm which is "concrete and particularized… actual or imminent, not 'conjectural' or 'hypothetical'" which is "fairly…trace[able] to the challenged action of [the Port]." *Lujan v. Defenders. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted). Not only can Diamond not allege concrete harm traceable to the Port, it does not even allege hypothetical harm because the Port cannot have awarded a contract to Diamond for which Diamond never submitted a bid.

Diamond itself admitted that even if *DB Avalon* was improperly certified, such a ruling would not implicate the Port's contract with Curtin other than to prevent Curtin from using that ship in the project. ROA.244. That relief affects Curtin, not the Port. Indeed, no relief that Diamond wants in this appeal affects the Port whatsoever. From the total absence of argument to contrary, it seems Diamond agrees.

**Conclusion**

For the foregoing reasons, this Court should affirm the decision of the district court dismissing Diamond's suit against the Port under Rule 12(b)(1).

        Respectfully submitted,

        AHMAD ZAVITSANOS & MENSING PLLC

        */s/ Kelsi Stayart White*
        Kelsi S. White
        Texas Bar No. 24098466
        Federal ID No. 2995914
        Todd W. Mensing
        Texas Bar No. 24013156
        Federal ID No. 302944
        Sammy Ford IV
        Texas Bar No. 24061331
        Federal ID No. 950682
        Michael A. Killingsworth
        Texas Bar No. 24110089
        Federal ID No. 3372610
        1221 McKinney St., Ste. 2500
        Houston, TX 77010
        Phone: 713-655-1101
        Fax: 713-655-0062
        kwhite@azalaw.com
        tmensing@azalaw.com
        sford@azalaw.com
        mkillingsworth@azalaw.com

        *Counsel for Appellee Port of Houston Authority*

## Certificate of Service

On June 15, 2023, I certify that I served a true and correct copy of this Brief on all counsel of record pursuant to CM/ECF filing in compliance with the FEDERAL RULES OF APPELLATE PROCEDURE:

Harry E. Morse
Martin S. Bohman
BOHMAN MORSE, L.L.C.
400 Poydras Street
New Orleans, LA 70130
Phone: 214-462-3021

*Counsel for Appellant Diamond Services Corporation*

Myra Farah Siddiqui
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, TX 77002
Phone: 713-567-9600

*Counsel for Federal Defendants-Appellees*

John Spiller
Jadd Masso
Elizabeth Griffin
CLARK HILL, PLC
909 Fannin Street, Suite 2300
Houston, TX 77010
Phone: 713-951-5600

*Counsel for Appellees Curtin Maritime Corporation*

                                               */s/ Kelsi Stayart White*
                                               Kelsi Stayart White

## Certificate of Compliance

This brief complies with the type-volume limits of FED. R. APP. P. 32(a)(7) because this brief consists of 1,173 words as determined by Microsoft Word Office 365, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 in 14-point Equity font.

*/s/ Kelsi Stayart White*
Kelsi Stayart White